IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  4:17CR351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | |
| JOHN G. SIMER II, AKA "CASPER", | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Assistant United States Attorneys Marisa T. Darden and Segev Phillips, pursuant to this Court's Trial Order (R. 11: Criminal Trial Order, PageID 25-28), and hereby respectfully submits this trial brief on behalf of the United States.

## I.       STIPULATIONS

Please see the attached proposed Stipulations, Exhibit 1 to the United States' trial brief, which are incorporated fully herein. Counsel for Defendant Simer has confirmed he intends to stipulate to the interstate nexus of the firearm ammunition, and his prior conviction. The government is hopeful to resolve the remaining proposed stipulations at the final pretrial conference on Tuesday, October 16, 2018.

## II.      JOINT PROPOSED JURY INSTRUCTIONS

The United States and counsel for Defendant have filed joint jury instructions.  Counsel for Defendant indicated she may have one addition regarding Defendant's appearance, since he has tattoos on his face, etc.  Should counsel file such a proposed instruction, the government would review its proposed incorporation then.

III.   **JOINT PROPOSED VOIR DIRE QUESTIONS**

The United States filed proposed voir dire questions separately.

IV.   **EVIDENTIARY AND LEGAL ISSUES ANTICIPATED AT TRIAL**

A.   **Audio Recordings and Transcripts of Witness and Defendant's Prior Statements are admissible.**

In this case the government will seek to introduce audio and video recordings of Defendant's statement to police and possibly video recordings of other witnesses being interviewed by police.  As to some of the recordings, there is likely to be a synched transcript on page or a separate book of transcripts will be offered as a jury aid to be used while the conversations are being played for the jury.

The Sixth Circuit reviewed the standards for admission of "composite" tape recordings and transcripts in the cases *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994) and *United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994).  "It is well settled that the admission of tape recordings at trial rests within the sound discretion of the trial court." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). The district court must determine whether the tapes are "audible and sufficiently comprehensible for the jury to consider the contents." *Robinson*, 707 F.2d at 876. The district court abuses his discretion only "where the unintelligible portions of a tape recording are so substantial that the recording as a whole is rendered untrustworthy." *United States v. Scaife*, 749 F.2d 338, 345 (6th Cir. 1984).

The government intends to offer transcripts of the video recording of Defendant's statement to police to be used as a jury aid while the particular conversations are being played for the jury.  The Sixth Circuit has repeatedly affirmed the validity of this procedure, so long as there is a preliminary foundation as to the preparation and accuracy of the transcripts.  See e.g.,

2

*United States v. West*, 948 F.2d 1042, 1044 (6th Cir. 1991). This is so especially when accompanied by a cautionary instruction that the tape recording, and not the transcript, is the evidence to be considered by the jury. See Pattern Criminal Jury Instructions, U.S. Sixth Circuit District Judges Association (2009), Section 7.17.

**B.     Evidence of the defendant's prior acts is admissible under Federal Rules of Evidence 404(b) and 403.**

The United States of America respectfully submits the following notice of intent to introduce certain evidence pursuant to Federal Rule of Evidence 404(b).  During its case-in-chief, the United States intends to introduce the following under Federal Rule of Evidence 404(b): (1) evidence of other controlled substances (other than those charged in the indictment) seized by law enforcement from the defendant's residence on the date of the execution of the search warrant; (2) evidence of controlled substances possessed by the defendant and seized by law enforcement officers pursuant to the defendant's consent on the date the defendant was last arrested; (3) evidence that on March 9, 2017 (some 10 days before her death), Nicole Ferris was the driver of a minivan that stopped at the defendant's residence, and that a search of the minivan revealed a straw with an unknown residual powder and a tablet crusher/pill container; and (4) evidence of other traffic stops and surveillance of other vehicles at the defendant's residence. The United States intends to use such evidence to show Nicole Ferris's (the decedent in Count 1) connection to the defendant as well as the defendant's knowledge and intent as to Counts 1, 2, 3, and 4.

Rule 404(b) sets forth a general prohibition on introducing "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  FED. R. EVID. 404(b)(1).  Such evidence may be admissible, however, for other purposes, "such as proving motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*  Before the Court may admit Rule 404(b) evidence, it must: (1) determine whether there is sufficient evidence that the prior acts occurred; (2) determine whether the prior acts are admissible for one of the proper purposes outlined in the Rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011). Although Rule 404(b) prohibits evidence of past criminal activity to show criminal propensity, it "is an inclusionary, rather than exclusionary, rule."  *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004) (collecting cases).

Here, the other-acts evidence shows the defendant's knowledge and intent to possess and distribute the controlled substances charged in counts 1, 2, 3, and 4.  For example, possession with intent to distribute requires that the United States show that the defendant knowingly or intentionally possessed the controlled substances, and that the defendant intended to distribute them.  *See* Sixth Circuit Pattern Criminal Jury Instr., § 2.10 (2017).  Not only is this evidence probative of the defendant's knowledge, *modus operandi*, and intent to distribute, it also negates possible defenses of lack of knowledge, general and specific intent, mere presence, accidental presence, or mistaken identity. Moreover, the evidence of the traffic stop demonstrates the connection of the decedent in Count 1 to the defendant.

As an initial matter, there is sufficient evidence that the other acts occurred.  Law enforcement officers conducted the traffic stop and the various seizures and laboratory testing conclusively establishes the nature of the controlled substances.  Thus, there is ample support that the other acts did in fact occur, satisfying the first step in the Court's 404(b) inquiry.

Further, when a defendant, by pleading not guilty to the offenses of distribution and possession with intent to distribute, puts his general and specific intent at issue, the United States has the burden to establish both beyond a reasonable doubt. *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004). In other words, when the United States, either by virtue of the defense raised by the defendant or by the virtue of the elements of the crime charged, has an affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b). *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). To determine if this evidence is probative of intent, the Court should examine whether it relates to conduct that is "substantially similar and reasonably near in time" to the specific intent offense at issue. *United States v. Haywood,* 280 F.3d 715, 721 (6th Cir. 2002). Indeed, the Sixth Circuit has repeatedly recognized that prior drug-distribution evidence is admissible under Rule 404(b) to show intent to distribute. *See e.g., United States v. Ayoub,* 498 F.3d 532, 548 (6th Cir. 2007) (citing *United States v. Jenkins*, 345 F.3d 928, 938 (6th Cir. 2003) (collecting cases)).

Prior acts are likewise admissible to show identity, provided that they are of "sufficient distinctive similarity" with the charges in the indictment to "create a pattern or *modus operandi*." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006); *see also United States v. Allen*, 619 F.3d 518, 524 (6th Cir. 2010) (holding that prior acts were of sufficient distinctive similarity with the charges in the indictment to "create a pattern or *modus operandi*" and therefore helped to establish identity); *Ayoub*, 498 F.3d at 548-49 (holding that prior drug-distribution acts were admissible and probative to establish defendant's identity as the possessor of the guns and drugs).

In *Allen*, the indictment charged the defendant with similar crimes: conspiracy to distribute and possess with intent to distribute crack cocaine, possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a

firearm after a felony conviction. *Allen*, 619 F.3d at 521. During trial, the court admitted evidence of two prior drug convictions for the purpose of proving the defendant's identity with respect to the crimes charged in the indictment. *Id.* at 523. The Sixth Circuit noted that the prior acts were of sufficient distinctive similarity with the charges in the indictment to "create a pattern or *modus operandi,*" and therefore, helped identify that the defendant possessed the drugs. *Id.* at 524. Thus, the Sixth Circuit held that the district court properly admitted the evidence under Rule 404(b). *Id.* It further held that the district court did not abuse its discretion in finding that the evidence passed Rule 403 balancing. *Id.* at 525.

Similarly, in *Ayoub*, the defendant faced charges of being a felon in possession of a firearm and possession of marijuana with intent to distribute. *Ayoub*, 498 F.3d at 535. At trial, the government introduced evidence of the defendant's prior drug-related activity. This activity occurred several years before the indictment, and included several controlled buys of marijuana and seized contraband from a previous search, which formed the basis of the defendant's prior drug conviction. *Id.* at 547. The Sixth Circuit held that this evidence was admissible under Rule 404(b) to show the defendant's identity as the possessor of the recovered guns and drugs, and the defendant's intent to distribute those drugs. *Id.* at 548. It also held that the probative value of the evidence was not substantially outweighed by its potential prejudicial effect, noting that the court provided a detailed instruction to the jury that this evidence was offered to establish identity and intent, but not to show his criminal propensities. *Id.*

Here, the defendant is charged with, among other crimes, on or about March 19, 2017, knowingly and intentionally distributing a mixture or substance containing heroin (and causing the death of Nicole Ferris in so doing) (Count 1) and using a communication facility to facilitate the transaction in Count 1 (Count 2), and on or about April 19, knowingly and intentionally possessing

with intent to distribute both cocaine (Count 3) and a mixture of heroin and fentanyl (Count 4). Actions consistent with drug transactions—short-term traffic and hand-to-hand buys—including a stop by the decedent named in Count 1 and drug evidence recovered at separate times from the defendant's residence, are highly probative of the defendant's charged drug-trafficking activity. Much like *Allen* and *Ayoub*, the defendant's prior acts create a pattern or *modus operandi* consistent with the defendant's distribution and possession with intent to distribute and establishes the defendant's identity as the possessor of the controlled substances. Specifically, the observed conduct, the short-term traffic and hand-to-hand exchanges, substances, as well as the packaging materials, speak to the defendant's distribution and specific intent to distribute and help to identify the defendant as the possessor of the controlled substances. Moreover, this evidence is substantially similar to the conduct charged in the indictment, and occurred close in time to the charged events. Thus, the other-acts evidence is offered for permissible purposes under Rule 404(b), satisfying the second step in the Court's inquiry.

Finally, the probative value of this evidence outweighs the risk of unfair prejudice. The Court has broad discretion in balancing the probative value of evidence against prejudicial impact. *United States v. Ismail*, 756 F.2d 1253, 1259 (6th Cir. 1985). This other-acts evidence is highly probative of the defendant's knowledge and intent. Indeed, the Sixth Circuit has affirmed far more prejudicial evidence than this in other drug-trafficking cases. *See Ayoub,* 498 F.3d at 548 (prior drug-trafficking convictions); *Lattner*, 385 F.3d at 955 (prior drug-related arrest). Although, as with all prior-acts evidence, there is the potential for prejudice, the Court can issue a cautionary jury instruction to protect against possible propensity inferences. Because the probative value is high, the risk of unfair prejudice is low, especially with a limiting instruction,

this evidence passes Rule 403 balancing.  Accordingly, the Court should admit evidence of these other acts under Rule 404(b).

However, the government notes that Rule 404(b) does not extend to acts which are "intrinsic" or part of the *res gestae* to the charged offense. *See United States v. Landers*, 39 F.3d 643, 648 (6th Cir. 1994); *United States v. Lanier*, 33 F.3d 639, 655 (6th Cir. 1994); and *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (cited in the Committee Notes to Rule 404(b)). Courts have consistently recognized the admissibility of evidence of other crimes when such evidence "furnishes part of the context of the crime," or is necessary to a "full presenta¬tion" of the case, or is so intimately connected with and explanatory of the crime charged against a defendant or is so much a part of the setting and "environment" of a case that its proof is appropriate in order to complete the story of the crime on trial.  *See United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980).

To set the context of the crimes charged in the indictment, including the investigations, tips, and surveillance information that led to Defendant as a suspect and the necessity to obtain a search warrant for his residence, testimony of other acts may be elicited. All of this testimony is part of the *res gestae* of the charged acts and serves as background to the relationship of parties and the development of the charged activity; consequently, its admission is entirely proper and fully supported by law.  Any fear Defendant may have of prejudice can be alleviated by instructions to the jury that Defendant is only on trial for the crime(s) charged in the indictment, which is included in the proposed jury instructions.

## C.    Defense Counsel Should be Prevented From Cross-Examining Witnesses on Non-Qualifying Convictions Under Rule 609.

The Government intends to present the testimony of at least one civilian witness in its case in chief who was arrested in the past and has sustained felony convictions. The Government

seeks an order from this Court preventing defense counsels from attempting to impeach the witness on arrests and crimes for which the witness was not convicted as well as on convictions, which are outside the ten-year time limit proscribed by Federal Rule of Evidence 609. Under Federal Rule of Evidence 609(a), "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year," and "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Arrests are not convictions. Dismissed charges are not convictions. Pending, unresolved cases are not convictions, and acquittals are not convictions. The underlying factual basis for a prior conviction is generally not a proper subject for impeachment under Rule 609. *United States v. Lopez-Medina*, 596 F.3d 716, 737-38 (10th Cir. 2010); *United States v. Dansker*, 537 F.2d 40, 59-60 (3d Cir. 1976). Under Ohio law, a felony of the fifth degree is not punishable by imprisonment in excess of one year. Ohio Rev. Code § 2929.14(A)(5). Federal Rule of Evidence 609(b) places limits on whether a witness can be impeached for a prior felony conviction if more than ten years have passed since the conviction or release from confinement, whichever is later. The prior conviction may only be admitted if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and if reasonable written notice has been given by the proponent. The government has not received notice of defense counsel's intent to introduce such evidence at trial and the government therefore asks this Court to exclude evidence of any convictions that fall under this rule. Unless there is some other articulate, good faith basis for attempting to impeach a witness about prior arrests, dismissed charges, pending unresolved charges, acquittals, non-

qualifying convictions, or underlying factual basis, no witness should be cross-examined in any manner about such subjects. The prosecution hereby requests an order from this Court directing that Rule 609 should be followed in cross-examining witnesses. Sustained objections in the presence of the jury during trial are a much less effective means of honoring Rule 609 than is compliance with the rule before an improper question is asked.

## V.    ANTICIPATED LENGTH OF TRIAL

The United States anticipates that its case in chief will last approximately two to three days.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Marisa T. Darden
Marisa T. Darden (NY: 4717682)
Segev Phillips (OH: 0090144)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3875/ (216) 622-3758
(216) 522-8354 (facsimile)
Marisa.Darden@usdoj.gov
Segev.Phillips@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of October 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Marisa T. Darden
Marisa T. Darden
Assistant United States Attorney

11