# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | Case Number: **4:17-CR-00351-CAB(1)** |
| **JOHN G. SIMER, II** | § | USM Number: **32401-160** |
| | § | **Rhonda L. Kotnik** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| | |
| --- | --- |
| ☐ pleaded guilty to count(s) | |
| ☐ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ was found guilty on counts 1-13 of the superseding indictment after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- |
| 21:841(A)(1) and (B)(1)(C) Distribution Of A Controlled Substance | 09/15/2017 | 1s |
| 21:843(B) Unlawful Use Of A Communication Facility | 09/15/2017 | 2s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 3s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 4s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 5s |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 1-7 of the Original Indictment ☐ is ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 9, 2019**
Date of Imposition of Judgment

s/Christopher A. Boyko
Signature of Judge

**CHRISTOPHER A. BOYKO,  United States District Judge**
Name and Title of Judge

**August 19, 2019**
Date

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 6s |
| 18:922(G)(1) and 924(A)(2) Felon In Possession Of Firearm and Ammunition | 09/15/2017 | 7s |
| 18:924(C)(1)(A) and 924(C)(1)(A)(I) Possession Of A Firearm In Furtherance Of A Drug Trafficking Crime | 09/15/2017 | 8s |
| 18:931(A)(1) Prohibition On Purchase, Ownership, Or Possession Of Body Armor By Violent Felons | 09/15/2017 | 9s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 10s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 11s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 12s |
| 21:841(A)(1) and (B)(1)(C) Possession With Intent To Distribute A Controlled Substance | 09/15/2017 | 13s |

DEFENDANT:          JOHN G. SIMER, II
CASE NUMBER:    4:17-CR-00351-CAB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

660 months as to count 1s run concurrently to 36 months as to counts 2s, 3s, 4s; 5s; 6s; 7s; 9s; 10s, 11s, 12s, 13s; and 60 months as to count 8s to be served consecutive to all other counts. Total 720 months.

☒ The court makes the following recommendations to the Bureau of Prisons:
   Defendant shall participate in Drug Treatment or the most intensive program for which he qualifies.
   Defendant shall participate Mental Health Treatment.
   Defendant shall take all mental health medications as prescribed.
   Defendant shall participate in Cognitive Behavioral Treatment.
   Defendant shall be designated for placement at a medical facility.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____    ☐ a.m.    ☐ p.m.    on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Five (5) years, terms to run concurrently.**

**The term consists of five years on Count 8, a term of three years on each of Counts 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, and 13. One year on Count 9, all such terms run concurrently.**

# MANDATORY CONDITIONS

| | | |
|---|---|---|
| 1. | | You must not commit another federal, state or local crime. |
| 2. | | You must not unlawfully possess a controlled substance. |
| 3. | | You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | ☐ | The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*) |
| 4. | ☒ | You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (*check if applicable*) |
| 5. | ☒ | You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*) |
| 6. | ☐ | You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*) |
| 7. | ☐ | You must participate in an approved program for domestic violence. (*check if applicable*) |

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.  If not in compliance with the condition of supervision requiring full-time occupation, you may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications, and/or confirm your compliance with this requirement.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT:        JOHN G. SIMER, II
CASE NUMBER:   4:17-CR-00351-CAB(1)

## SPECIAL CONDITIONS OF SUPERVISION

**Substance Abuse Treatment and Testing**

The defendant shall participate in an approved program of substance abuse testing and/or outpatient or inpatient substance abuse treatment as directed by their supervising officer; and abide by the rules of the treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.

**Mental Health Treatment**

You must undergo a mental health evaluation and/or participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Mental Health Medications**

You must take all mental health medications that are prescribed by your treating physician.

**Cognitive Behavioral Treatment**

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Gang**

You must not communicate, or otherwise interact, with any known member of a gang, without first obtaining the permission of the probation officer.

**Financial Disclosure**

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

**No New Debt/Credit**

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

**Financial Windfall Condition**

You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

**Restitution**

The defendant must pay restitution in the amount of $2,869.64 to K.F., through the Clerk of the U.S. District Court. Restitution is due and payable immediately.

The defendant must pay 25% of defendant's gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in monthly payments of at least a minimum of 10% of defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law.

Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment.

The Court waives the interest requirement in this case.

**Search / Seizure**

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**Denial of Federal Benefits**

It is ordered that based upon a first conviction of distribution of a controlled substance, the defendant is declared ineligible for all Federal benefits for five years.

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $1,300.00 | | $.00 | $2,869.64 |

☐ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $1,300.00 for Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s and 13s which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
- $1,005.00 U.S. Currency seized on April 19, 2017, at defendant Simer's residence located on Maryland Avenue, N.E., Warren, Ohio.
- $499.00 U.S. Currency seized on September 15, 2017, at defendant Simer's residence located on Maryland Avenue, N.E., Warren, Ohio.
- Bullet proof vest seized on April 19, 2017, at defendant Simer's residence located on Maryland Avenue, N.E., Warren, Ohio.
- Smith & Wesson model M&P Shield .40 caliber pistol, serial number HWH7852; with the following ammunition: 20 rounds of Hornandy .40 caliber ammunition and 38 rounds of Winchester .40 caliber ammunition. The firearm and ammunition were seized on April 19, 2017, at defendant Simer's residence located on Maryland Avenue, N.E., Warren, Ohio.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: JOHN G. SIMER, II
CASE NUMBER: 4:17-CR-00351-CAB(1)

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed on or After November 18, 1988)*

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

    IT IS ORDERED that the defendant shall be:

- ☒ ineligible for all federal benefits for a period of 5 years.
- ☐ ineligible for the following federal benefits for a period of
  *(specify benefit(s))*

**OR**

- ☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:
- ☐ be ineligible for all federal benefits for a period of
- ☐ be ineligible for the following federal benefits for a period of
  *(specify benefit(s))*

- ☐ successfully complete a drug testing and treatment program.
- ☐ perform community service, as specified in the probation and supervised release portion of this judgment.

    IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

    U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531