UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:17CR351 |
| | ) | 4:22CV167 |
| Plaintiff-Respondent, | ) | |
| | ) | SENIOR JUDGE |
| vs. | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| JOHN G. SIMER, II, | ) | OPINION AND ORDER |
| | ) | |
| Defendant-Petitioner. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

The Government asks that the Court find Defendant Simer waived his attorney-client privilege by filing his Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 101).  Defendant argues that the Government's request is too broad.  (Doc. 102).  Instead, the Government should seek the information it needs under a Court-governed discovery procedure.  (*Id.*).  Finding merit in both positions, the Court **GRANTS, IN PART**, the Government's Motion.

**I. BACKGROUND FACTS**

On March 29, 2019, a Jury convicted Defendant on thirteen counts related to drug trafficking, including the enhanced penalty that a death resulted from the drugs Defendant distributed.  For these crimes, the Court sentenced Defendant to a total of 720 months imprisonment.  Defendant appealed and the Sixth Circuit affirmed his conviction.  *See United States v. Simer*, 835 Fed. App'x 60 (6th Cir. Nov. 13, 2020).

On January 31, 2022, Defendant, through counsel, filed a Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 99).  In his Motion, Defendant challenges four counts of conviction.

According to Defendant, these four counts were procured in violation of the U.S. Constitution. Specifically, Defendant claims his trial counsel, Attorney Kotnik, performed deficiently by not challenging certain pre-trial statements Defendant made after Defendant invoked his Fifth Amendment rights. This failure resulted in prejudice to Defendant by leading to convictions on these four counts.

Before responding in substance to these allegations, the Government seeks an Order finding that Defendant waived his right to attorney-client privilege by filing his § 2255 Motion. (Doc. 101). Defendant opposed (Doc. 102) and the Government Replied (Doc. 103).

## II. LAW & ANALYSIS

The parties agree on the law – a defendant's conduct can lead to an implied waiver of the attorney-client privilege. *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005). One act that can lead to an implied waiver is claiming ineffective assistance of counsel or by attacking counsel's performance. *Id.* And this certainly applies in the habeas context, "when the petitioner 'injects into the litigation an issue that requires testimony from [his] attorneys or testimony concerning the reasonableness of [his] attorneys' conduct.'" *Id.* at 453 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). Even in those circumstances however, a court must limit the scope of the implied waiver. *Id.* ("Implied waivers are consistently construed narrowly").

The parties also agree that Defendant is attacking Attorney Kotnik's performance at trial. While Defendant believes counsel's errors are so blatant that it is clear Attorney Kotnik acted unreasonably, the Government presents a more nuanced approach. Either way, the rationale behind Attorney Kotnik's thinking is highly relevant. And a limited waiver of the attorney-client privilege is necessary for Attorney Kotnik to provide that rationale.

Indeed, Defendant's allegations seem to implicate certain conversations between Defendant and Attorney Kotnik. For example, Defendant finds fault with his attorney because she "did not object to the recording, *even after Defendant told her it was created after he invoked his right to counsel and should not be admitted.*" (Doc. 99, PageID: 1666). Clearly then, at least some communications between Defendant and Attorney Kotnik are relevant in this post-collateral proceeding. Therefore, the Court agrees with the Government that Defendant waived certain aspects of the attorney-client privilege he enjoyed with Attorney Kotnik.

But the Court disagrees with the Government's proposed course of action. In its Proposed Order, the Government would like Attorney Kotnik "to discuss her representation [of Defendant] with the United States" and have Attorney Kotnik "provide the United States any documents in her possession that relate to the claims of ineffective assistance of counsel." (Doc. 101-1, PageID: 1679). This is too much, especially given the procedural posture of Defendant's Motion. Rather, Attorney Kotnik should have the opportunity to attest to her recollection of the critical events without influence from the Government.

In their briefing on this issue, neither party addresses the Rules Governing § 2255 Proceedings. But these Rules provide a roadmap on how to proceed. Since Defendant's Motion survived initial review, the Government must respond to Defendant's allegations. 28 U.S.C. § 2255, Rule 5. To assist in that response, the Court finds that an initial expansion of the record is necessary, namely, an Affidavit from Attorney Kotnik. *Id.* at Rule 7. If additional information is required thereafter, the parties can seek that information as provided for in the Rules. Only after a review of Defendant's Motion, the Government's Response, Defendant's Reply, Attorney Kotnik's Affidavit and other additional materials (if any), will the Court determine if an evidentiary hearing is necessary. *Id.* at Rule 8.

### III. Conclusion

Accordingly, the Court finds that Defendant waived certain aspects of the attorney-client privilege by filing his § 2255 Motion; **GRANTS, IN PART**, the Government's Motion (Doc. 101); and **ORDERS** the following:

- Attorney Kotnik has 14 days to prepare and submit her Affidavit concerning the allegations in Defendant's motion, uninfluenced by the Government.[1] A copy of this Order will be sent to Attorney Kotnik. She shall file her Affidavit on the Docket UNDER SEAL in this case; and

- The Government shall file its Response to Defendant's § 2255 Motion 30 days after Attorney Kotnik files her Affidavit. The Government shall also include in its Response a copy of the recording at issue for the Court's review; and

- Defendant has 30 days thereafter to file his Reply; and

- If the parties require additional evidence outside the record, they shall submit requests for discovery in accordance with the Rules Governing § 2255 Proceedings within 30 days following Defendant's Reply.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: March 16, 2022**

---

[1] Based on the Government's representation of its interaction with Attorney Kotnik, the Court believes Attorney Kotnik will respect the limited waiver of the attorney-client privilege in this case – i.e., limited to the nature of Defendant's allegations in his § 2255 Motion. If Defendant feels that Attorney Kotnik exceeded that waiver, Defendant can raise the issue then.